IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-521-D |
| ) | |
| TRACY JEAN VARGAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the government's Combined Motion in Limine Regarding Irrelevant Evidence and 404(b) Notice [Doc. No. 21]. Defendant has filed a response [Doc. No. 34]. Thereafter, the Court permitted Defendant to file *ex parte* and under seal a supplemental response [Doc. No. 40]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was charged in an Indictment [Doc. No. 1] with one count of making a false statement in a matter within the jurisdiction of the executive branch of the United States government, in violation of 18 U.S.C. § 1001(a)(2). It is alleged that Defendant signed and submitted a Form LM-4 Labor Organization Annual Report to the U.S. Department of Labor in March of 2023. It is further alleged that, on the LM-4 report, Defendant failed to report 2022 losses for the purpose of concealing the conversion of labor union funds by Defendant for her own personal use.

As stated in its 404(b) notice, the government intends to introduce evidence of an uncharged instance of Defendant allegedly making a similar false statement on the previous

year's LM-4 report. According to the government's notice, Defendant allegedly embezzled $3,000 in 2021, and failed to report the loss on the LM-4 report she submitted in April of 2022. Defendant does not oppose the introduction of this LM-4 report. Accordingly, the LM-4 report submitted by Defendant in April of 2022 is admissible.

In its motion in limine, the government seeks to exclude evidence of: 1) any repayment of the embezzled funds; 2) Defendant's purported reasons for embezzling funds; and 3) Defendant's history of alcoholism and subsequent recovery.

## DISCUSSION

Motions in limine are not formally recognized under the Federal Rules; however, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Wilkins*, 487 F.Supp.2d at 1218-19 (citations omitted). Some in limine rulings

2

are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, a "district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

### I.     Evidence of Repayment of Embezzled Funds

The government first seeks to exclude any evidence of repayment by Defendant. The government contends that repayment is irrelevant and would confuse the jury regarding what the government must prove to establish that Defendant violated Section 1001(a)(2). As noted by the government, repayment is not an element of the charged offense, nor is it a defense to making a false statement.[1] Thus, the government argues that evidence of repayment could only be used to improperly ask the jury to ignore the elements of the charged offense and acquit Defendant because she has repaid the funds she embezzled.

In response, Defendant contends that evidence of repayment is relevant because it undercuts the government's argument, as alleged in the Indictment, that Defendant made the false statement in order to cover up her embezzlement. According to Defendant, the government was "very much aware of [Defendant's] embezzlement" prior to her submitting the LM-4 report in March of 2023.

---

[1] To prove that Defendant made a false statement to the United States government, the government must prove that: "(1) the defendant made a statement; (2) the statement was false, fictitious, or fraudulent as the defendant knew; (3) the statement was made knowingly and willfully; (4) the statement was within the jurisdiction of the federal agency; and (5) the statement was material." *United States v. Williams*, 934 F.3d 1122, 1128 (10th Cir. 2019) (quoting *United States v. Harrod*, 981 F.2d 1171, 1175 (10th Cir. 1992)).

Upon consideration, the Court finds that evidence of repayment is not relevant to whether Defendant knowingly and willfully made a materially false statement to the Department of Labor, nor is repayment a defense to the charged conduct. As noted by the government, Defendant did not begin to repay the funds until after March 31, 2023, after she submitted the LM-4 report. Evidence of repayment does not bear on whether Defendant knew the statement(s) on the LM-4 report were false when she submitted the form, nor does it bear on "materiality." For purposes of Section 1001(a)(2), a fact is "material" if it "has a natural tendency to influence or is capable of influencing a decision of" the Department of Labor, and "[i]t is not necessary that [the Department of Labor] was in fact influenced in any way." *See Tenth Circuit Criminal Pattern Jury Instructions*, § 2.46.1 (2025); *see also Williams*, 934 F.3d at 1130 ("A false statement can be material regardless of its influence on the decisionmaker and can also be material even if the decisionmaker had already arrived at her conclusion before the statement is made.").

With this in mind, the Court will not permit Defendant to offer evidence of her repayment of the embezzled funds. The Court agrees with the government that evidence of repayment would likely confuse the jury as to the elements of a violation of Section 1001(a)(2); such evidence may suggest to the jury that, since the embezzled funds have been repaid, Defendant should not be held liable for the alleged false statement on the LM-4 report. In sum, Defendant cannot use evidence of repayment to invite jury nullification at trial. The government's motion in limine will be granted on this point.[2]

---

[2] Of course, if defense counsel believes that the government has opened the door to evidence of repayment during trial, he may approach the bench and make such an argument. Moreover, if

## II.     Purported Reasons for Embezzlement

The government also seeks to exclude Defendant's purported reasons for embezzling the money, to include mounting legal costs from her DUI, divorce, and custody proceedings. Upon review of Defendant's response and supplemental response, she makes no argument for the inclusion of this type of evidence. Accordingly, the government's motion in limine will be granted as to Defendant's purported reasons for embezzling.

## III.    Defendant's History of Alcoholism/Recovery

Finally, the government seeks to exclude evidence of Defendant's history of alcoholism and current sobriety. The government suggests that Defendant's alcoholism and road to sobriety are irrelevant to the false statement charge. The government adds that evidence of Defendant's substance abuse issues could only be used to appeal to the sympathies of the jury and invite jury nullification.

In response, Defendant argues that her due process rights would be violated if she were not permitted to discuss, in part, her "alcoholism and her path to recovery and making amends." Apart from this broad statement, Defendant does not argue how her alcoholism and path to recovery are relevant to any of the elements of a false statement under Section 1001(a)(2). The Court understands that Defendant wishes to show a lack of intent with evidence that Defendant allegedly confessed to the embezzlement prior to filling out the LM-4 report. [Doc. No. 34, at 3] ("[I]t makes no sense that Ms. Vargas would voluntarily come

---

evidence indicates that the government was aware of Defendant's embezzlement and had reached a restitution agreement with Defendant prior to submission of the LM-4 report, such facts would likely impact the Court's ruling on this issue.

5

forward, 'confess' repeatedly for months, then in turn file a form in an attempt to try to hide her misdeed."). However, Defendant can testify or present other evidence that she came forward about the embezzlement prior to submitting the LM-4 report without the broader context that she did so as part of her making amends in sobriety. Given the lack of probative value, and significant potential for unfair prejudice, evidence of Defendant's struggles with alcoholism and her subsequent recovery efforts could only be used to appeal to the sympathies of the jury and should be excluded.

## CONCLUSION

For the reasons stated herein, the government's Combined Motion in Limine Regarding Irrelevant Evidence and 404(b) Notice [Doc. No. 21] is **GRANTED**.

**IT IS SO ORDERED** this 10th day of February, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge